Caldwell, J.
This cause comes into this court on a writ of error to the district court of Erie county. It is alleged that tho district court erred in affirming a judgment of the court of common pleas rendered in favor of the defendant. The proceeding in the common pleas was an action of assumpsit on a promissory note bought by the administrator of Wm. McKesson, who was the holder thereof at the time of his death. The note was for $80, given by Joseph Stanberry to C. W. Creaty, by him transferred to J&mes Elannagan, and by Flannagan indorsed to Wm. McKesson, plaintiff’s intestate.
In the court of common pleas the jury found a special verdict as follows: “From the testimony they find: 1. That the defendant did make and deliver his promissory note for a brick-machine to C. W. Creaty, and not to Bobert Creaty, as described in the first count in plaintiff’s declaration; that said note was dated between, or on, the fourth or tenth day of May, 1849, due four months from date, 157] for the *amount of $80, payable to C. W. Creaty or bearer; that said note was negotiable by being payable to bearer, and was not on interest; and that the amount due on the first day of the present term is $90.26; 2. That McKesson, the intestate, received the note after it became due, and it obtained by indorsement from one James Flannagan, and thatMcKesson gave a valuable consideration therefor; 3. That no evidence appears that Flannagan received the note before due, or that he gave a valuable consideration therefor ; 4. That the note was indorsed by Flannagan and no one else, and that Flannagan guaranteed the collection of said note; 5. That the consideration received by Stanberry was a brick-machine, which was worthless to him; the said consideration so received was returned to the payee, and the note was agreed to be delivered up to Stanberry.” To this finding of facts is appended the usual reference to the court with the alternative finding. The court of common pleas on this special finding gave judgment for the defendant.
From the special verdict it will be seen that the note in the hands of Creaty, the original payee, was of no validity, and that his transfer of it was a fraud. If, however, Flannagan received it in good faith before due, for a valuable consideration, the note would be good in his hands, and the maker liable to him for the amount. So, too, in the hands of McKesson, his assignee, although he received the note after it fell due, having purchased the property in the note from Flannagan, he thereby became invested with *158 all the rights of Flann'agan, and whether there was any right to recover on the note depended on whether Flannagan was a bona fide holder without notice.
On this point there was no evidence. The whole question presented, then, is on whom does the burden of proof rest; on the plaintiff, claiming the rights of a bona fide holder without notice, to prove that he is such ? or on the defendant, the maker of the note, to prove that the plaintiff is not entitled to those rights ?
*Now, although it is a principle of law that a bona fide [158 holder of negotiable paper, received before due for a valuable consideration, shall be protected against the defense which the maker might have against the original payee, yet in this case, as in every other, it is the duty of every person to use ordinary care and prudence in his transactions, to prevent their operating to the prejudice of the rights of others. "Whatever the rule may be in a case where no fraud is shown to have been perpetrated by the original holder in transferring the note, in a case like this, where it is shown that the transaction, on the part of the original holder, was a positive fraud, we think it lies on the party claiming under such transaction, to show that he acted honestly, without a knowledge of the fraud. Presumptions of law are the presumptions of common sense, derived from, human experience, and I think the experience of most men will concur in the statement that the chancos are against an honest, careful man being made an active party in a fraudulent act. It not being likely that such fact should exist, when it does occur, it lies on the party claiming it to prove it. This view of the case, we think, is fully sustained by the current of authority. In the ease of Monroe v. Cooper et al., 5 Pick. 412, the court say: “ The fact that the note was fraudulent in its inception, or that it was fraudulently put into circulation, being proved, the onus of proving that he came into the possession of the note fairly, and without any knowledge of the fraud, lies on the holder.” See also Woodhull v. Holmes, 10 Johns. 230 ; 2 Cowen & Hill’s Notes, Philips Ev. 477. The plaintiff having failed to prove a fact incumbent on him to establish to entitle him to recover, we think the court of common pleas decided correctly in giving judgment for the defendant.
The judgment of the district court, affirming that judgment, will therefore be affirmed.